## John Dalton v. Ogden Gas Company.

### Gen. No. 12,350.

1. MOTION TO DIRECT—*how propriety of granting, determined on review.* In determining the propriety of the action of the trial court in directing a verdict, the appellate tribunal will consider the testimony most favorable to the plaintiff which the jury may believe in arriving at a conclusion favorable to him, and if that testimony fairly tends to support and establish the cause of action stated in any count of the declaration and does no violence to the law proper to be applied to the facts so proved, then the action of the court in directing a verdict for the defendant will be held erroneous.

2. SAFE PLACE TO WORK—*what essential to establish in order to recover for injuries received from the master's alleged failure to furnish.* In order to recover in such a case the burden is upon the plaintiff to prove that such place was not reasonably safe, that the defendant had notice thereof or knowledge or ought to have had, and that the plaintiff did not know that such place was unsafe and dangerous and had not equal means of knowledge with the defendant.

3. ASSUMED RISK—*when doctrine of does not apply.* The doctrine of assumed risk does not apply as against a servant acting under the command of his master.

4. MASTER—*what essential to recover because of wrongful or negligent order of.* In order to recover because of the wrongful or negligent order of his master, the servant must allege in his declaration such wrongful or negligent order and establish the same by proof.

5. MASTER—*when wrongful and negligent order of, competent, notwithstanding not relied upon in the declaration.* It is competent to prove a wrongful or negligent order of the master in order to show that the risk from which the injury was received was not assumed by the servant.

6. VARIANCE—*when objection of, cannot be raised.* An objection of variance cannot be first raised on appeal.

Action on the case for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Reversed and remanded. Opinion filed May 8, 1906.

**Statement by the Court.** This is an appeal by the plaintiff from a judgment upon a directed verdict of not guilty in an action on the case for personal injuries.

At the close of the evidence for the plaintiff, defendant moved that the jury be instructed to find the defendant not guilty. The court took the motion under advisement and reserved its ruling thereon until several witnesses had been called and examined by the defendant, when the trial judge announced that he was ready to pass upon defendant's motion made at the close of plaintiff's case, and refused to hear further evidence for the defendant, or for the plaintiff in rebuttal, and said that he would "grant defendant's motion to instruct the jury to find the defendant not guilty." The court then instructed the jury in writing to find the defendant not guilty, and the verdict was returned upon which the court, after denying plaintiff's motion for a new trial, entered the judgment from which this appeal is prosecuted.

MCKENNA & PURCELL and GEORGE E. GORMAN, for appellant.

MORAN, MAYER & MEYER, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

The motion to direct a verdict was made at the close of plaintiff's case, and the case comes before us as though the motion had then been granted and the jury then instructed to find the defendant not guilty, and in determining the question whether the trial court erred in so directing the verdict, we can consider only the evidence for the plaintiff. In determining this question we are bound to consider the testimony most favorable to the plaintiff which the jury

might believe in arriving at a conclusion favorable to the plaintiff, and if that testimony fairly tends to support and establish the cause of action stated in any count of the declaration and does no violence to the law proper to be applied to the facts so proved, then the action of the trial court in directing a verdict for the defendant was errone-ous.    Hansell-Elcock Foundry Co. v. Clark, 214 Ill. 399.

The first count of the declaration alleged that plaintiff was employed by the defendant as a laborer to work in digging a certain trench; that the defendant negligently, etc., suffered said trench to be and remain in an unsafe, loose, insecure and watersoaked condition, and failed to cause the walls of said trench to be properly secured, braced or shored; that thereby, while the plaintiff was working in said trench, using due care, etc., the earth, etc., which formed the sides of the trench fell into the trench upon plaintiff and injured him.

The second count repeats the allegations of the first as to the employment of plaintiff, alleges that the defendant, etc., without the knowledge of the plaintiff, so negligently, etc., excavated said trench that the same was in an unsafe and insecure condition, and negligently, etc., failed to cause the side walls of said trench to be properly braced or shored so as to prevent their falling upon the persons working in said trench and thereby, etc., without the fault of plaintiff, the earth, etc., forming the side walls of said trench fell into the same and upon plaintiff, who was then working in said trench, using due care, etc., and injured him.

The trench in which plaintiff was working at the time he was injured was excavated in a street paved with macadam, was about five feet deep and three feet broad at the top. At the surface was a layer of macadam five or six inches thick and below that was sand.   Plaintiff testified that about half an hour before he was hurt he noticed a little running sand near the bottom of the ditch, that the sand was sliding in gradually just a little at a time, as you would take sand off the bank the sand would come in; that he spoke to Ryan, his foreman, about the running sand and asked if it was all

Dalton v. Ogden Gas Co.

right; that Ryan said that it was all right; that there was no danger in the ditch, and said to plaintiff, " Stay down there and go to work, there is no danger, and if it does cave in, it will not hurt anybody."

O'Grady, a witness for the plaintiff, who was employed by defendant at the time of the accident, testified that about half an hour before the accident he noticed a bad crack in the street four or four and a half feet long and two and a half feet east of the ditch in which plaintiff was at work, running parallel with the ditch; that he called the foreman's attention to the crack and told him that it was not safe for the men to work in the ditch, and the foreman answered that if the bank did come in, it could not hurt anyone. The east bank of the trench fell in for a distance of four or four and a half feet along the bank. It does not appear that plaintiff heard O'Grady tell Ryan about the crack or that he knew of the existence of such crack before the accident.

In order to prove the negligence alleged in the declaration, the burden was upon the plaintiff to prove that the trench in which he was at work when injured was not reasonably safe; that the defendant had notice thereof or knowledge, or ought to have had, and that the plaintiff did not know that said trench was unsafe and dangerous and had not equal means of knowledge with the defendant. Goldie v. Werner, 151 Ill. 551; C. & E. I. R. R. v. Heerey, 203 id. 492.

We think the evidence tends to prove that in fact the trench was not a reasonably safe place for a man to work in at and for some time before the accident. The evidence tends to show that quicksand appeared near the bottom of the trench half an hour before the accident and about the same time a long crack in the macadam pavement parallel with and two and a half feet from the trench was discovered and the attention of the foreman of defendant was then called to the quicksand and to the crack in the pavement, and from this evidence we think the jury might find as a fact that defendant had notice that the trench was not reasonably safe before the accident occurred.

The plaintiff was at work in the trench when, according to the testimony of O'Grady, the latter discovered the crack in the macadam pavement, and the evidence fails to show that plaintiff had any notice of the existence of such crack before the accident. This evidence we think fairly tends to prove that the plaintiff did not know that the trench was unsafe and dangerous and had not equal means of knowledge of its condition with the defendant.

The plaintiff was not only bound to give evidence fairly tending to prove that the defendant was guilty of the negligence alleged in the declaration, but was also bound to allege and prove that he was free from contributory negligence and to prove that the risk or danger had not been assumed by him.

When a servant acts under a command of the master he does not assume the risk. C. & E. I. R. R. Co. v. Heerey, *supra*. Hence it was competent to prove the command of the defendant, by its foreman, to the plaintiff to stay in the ditch and go to work, to prove that the risk involved in obeying such order was not a risk assumed by the plaintiff. To make evidence of such order competent for this purpose it was not necessary to set out the order in the declaration.

Where a plaintiff relies upon an order of the defendant as the wrongful or negligent act out of which his cause of action arises, he must set out such wrongful or negligent order in his declaration. C., B. & Q. R. R. Co. v. Bell, 112 Ill. 361.

But we know of no case which holds that where the declaration by a servant sets out as the cause of action against his master the negligent acts or conduct of the defendant, other than a wrongful or negligent order, that the plaintiff may not prove a command of the defendant to the plaintiff, for the purpose of proving that the risk of the injuries sustained by him, through the negligence of the defendant set out in the declaration, was not a risk assumed by the plaintiff.

In the case of a command, although the risk is not

assumed by the servant, the question remains whether the servant in obeying the order was guilty of contributory negligence, and that question depends upon the question whether the danger incurred in obeying such command was so great that an ordinarily prudent person would not have encountered it.   C. & E. I. R. R. Co. v. Heerey, *supra.*

The plaintiff, so far as appears from the evidence, knew that quicksand was coming into the trench, but did not know that a crack had appeared alongside of and a short distance from the trench, and we think that the question whether the degree of danger known to the plaintiff to be attendant upon compliance with the order of defendant by its foreman, was so great that an ordinarily prudent person would not have encountered it, was a question for the jury.

It was urged that it was proper to direct a verdict because of a variance between the declaration and the proof. Even if it were necessary for the plaintiff to set out the command of the defendant in order to prove such command, for the purpose of proving that the risk or danger consequent upon the negligence of the defendant averred in the declaration was not assumed by the plaintiff, the objection of a variance was not specifically raised in the trial court, where, if well taken, it could have been obviated by amendment, and cannot be first raised in this court.  Pressed Steel Co. v. Herath, 207 Ill. 576–582.

The judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*